IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SCOTT H.,[1]

        Plaintiff,

    v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

        Defendant.

Case No. 3:25-cv-00895-AB

OPINION & ORDER

Rory Linerud
Linerud Law Firm
PO Box 5734
Salem, OR 97304

    Attorney for Plaintiff

Susanne Luse
Assistant United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Opinion uses the same designation for a non-governmental party's immediate family member.

1 – OPINION & ORDER

Katherine B. Watson
Special Assistant United States Attorney
Law & Policy, Program Litigation 1
Social Security Administration
6401 Security Boulevard
Baltimore, MD 21235

      Attorneys for Defendant

**BAGGIO, District Judge:**

Plaintiff Scott H. brings this action seeking judicial review of the Commissioner's final decision to deny disability insurance benefits ("DIB") and supplemental security income ("SSI"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1383(c)(3)). The Court reverses the Commissioner's decision and remands this case for further administrative proceedings.

## PROCEDURAL BACKGROUND

Plaintiff applied for DIB and SSI on December 9, 2019, alleging an onset date of September 30, 2012.[2] Tr. 20.[3] Plaintiff's date last insured ("DLI") is September 30, 2014. Tr. 154. His application was denied initially and on reconsideration. Tr. 252-61, 263-68.

On October 6, 2021, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ"). Tr. 71. On October 27. 2021, the ALJ found Plaintiff not

---

[2] Plaintiff's application in this case initially claimed an alleged onset date of October 9, 2019, because of a prior application for benefits that was denied on October 8, 2019. Tr. 147, 154-55. This onset date postdates Plaintiff's DLI. Due to Plaintiff's unrepresented status in the underlying administrative proceedings, however, the ALJ gave Plaintiff "the benefit of consideration of the entire time period" dating back to the September 2012 onset date Plaintiff claimed in his prior application. Tr. 17.

[3] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record, filed herein as Docket No. 7.

2 – OPINION & ORDER

disabled. Tr. 239. The Appeals Council granted review and remanded the case for additional consideration of the medical opinion evidence. Tr. 246-48.

On July 25, 2023, Plaintiff appeared without counsel for an additional hearing before the same ALJ. Tr. 40. On March 11, 2024, the ALJ again found Plaintiff not disabled. Tr. 32. The Appeals Council denied review. Tr. 1.

## FACTUAL BACKGROUND

Plaintiff alleges disability based on lumbar spine spondylosis, ADHD, HIV, HPV, depression, PTSD, bipolar II disorder, generalized anxiety, chronic low back pain, and past drug addiction. Tr. 482. At the time of his alleged onset date, he was 37 years old. Tr. 30. He has a high school education and past relevant work experience as a "construction worker II," "sales clerk," and "public relations representative." Tr. 30.

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if they are unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Disability claims are evaluated according to a five-step procedure. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. *Id.*

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments."

3 – OPINION & ORDER

*Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Id.*

In step three, the Commissioner determines whether the claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform their "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can perform past relevant work, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets their burden and proves that the claimant can perform other work that exists in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity after his alleged onset date. Tr. 20. Next, at steps two and three, the ALJ determined that Plaintiff has the following severe impairments: "lumbar degenerative disc disease, depression, anxiety, trauma disorder, and substance abuse disorder." Tr. 20. However, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment. Tr. 21. At step four, the ALJ concluded that Plaintiff has the residual functional capacity to

perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c) with the following

limitations:

> [T]he claimant can frequently climb, balance, stoop, kneel, crouch, and crawl. He should have no exposure to hazards. He can understand, remember, and carry out simple instructions and can use judgment to make simple work-related decisions. He can deal with occasional changes in a routine work setting. He can occasionally interact with coworkers and the public.

Tr. 22. Because of these limitations, the ALJ concluded that Plaintiff could not perform his past

relevant work. Tr. 30. But at step five, the ALJ found that there are jobs that exist in significant

numbers in the national economy that Plaintiff can perform, such as "hospital cleaner," "hand

packager," "automobile detailer," "housekeeping cleaner," and "small products assembler." Tr.

31. Thus, the ALJ concluded that Plaintiff is not disabled. Tr. 32.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the

Commissioner's findings "are based on legal error or are not supported by substantial evidence

in the record as a whole." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal

quotation marks omitted). "Substantial evidence means more than a mere scintilla but less than a

preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." *Id.* (citation and internal quotation marks omitted). The court considers

the record as a whole, including both the evidence that supports and detracts from the

Commissioner's decision. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where

the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be

affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks and brackets omitted); *see also*

*Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can

support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's.")
(internal quotation marks omitted).

<strong>DISCUSSION</strong>

This appeal challenges the ALJ's formulation of Plaintiff's residual functional capacity
("RFC"). The RFC is the most a person can do despite their physical or mental limitations. 20
C.F.R. §§ 404.1545, 416.945. In formulating an RFC, the ALJ must consider all medically
determinable impairments, including those that are not "severe," and evaluate "all of the relevant
medical and other evidence," including the claimant's testimony. *Id.*; Social Security Ruling
("SSR") 96-8p. An ALJ errs when they provide an incomplete RFC ignoring "significant and
probative evidence." *Hill v. Astrue*, 698 F.3d 1153, 1161-62 (9th Cir. 2012) (noting that the error
is not harmless when an ALJ fails to discuss significant and probative evidence favorable to a
claimant's position because when the RFC is incomplete, the hypothetical question presented to
the vocational expert is incomplete and, therefore, the ALJ's reliance on the vocational expert's
testimony is improper).

Here, Plaintiff argues that the ALJ erred in three ways: (1) failing to include the state
agency physicians' limitation to "short" instructions in the RFC; (2) failing to include the state
agency physicians' limitation to "short and simple tasks" in the RFC; and (3) creating an
irreconcilable conflict between her analysis of Plaintiff's social limitations and the RFC. Because
the Court agrees with Plaintiff that the ALJ failed to include all of Plaintiff's limitations in the
RFC, the Court remands this case for further proceedings.

## I.    Limitation to Short Instructions

Plaintiff first argues that the ALJ erred in failing to include a limitation to "short"
instructions in the RFC. Pl.'s Br. 5, ECF No. 8. This limitation comes from the opinions of two

state agency medical providers. Sergiy Barsukov, Psy.D., evaluated Plaintiff's mental impairments at the initial level. Tr. 180. In his assessment, Dr. Barsukov concluded Plaintiff was moderately limited in his ability to understand, remember, and carry out detailed instructions with no limitation in his ability to carry out or remember very short and simple instructions. Tr. 183. He specifically opined that Plaintiff "is capable of understanding/remembering short/simple, but not detailed or complex instructions" due to depression and anxiety symptoms. Tr. 183. Joshua J. Boyd, Psy.D., assessed Plaintiff's limitations on reconsideration. Tr. 198. He determined Plaintiff had the exact limitations identified by Dr. Barsukov. Tr. 201-02.

The ALJ found that that "the assessments from Drs. Boyd and Barsukov are consistent with the objective clinical evidence, the claimant's level of daily functioning, and his sporadic and routine course of mental health treatment." Tr. 29 ("[T]he undersigned finds the opinions of Drs. Boyd and Barsukov to have persuasive value . . . ."). The ALJ, however, never explicitly discussed the doctors' opinions that Plaintiff has moderate limitations in his ability to understand, remember, and carry out instructions. And in the RFC, the ALJ only limited Plaintiff to understanding, remembering, and carrying out simple instructions. Tr. 22; *see also* Tr. 61 (describing hypothetical to the vocational expert consistent with the RFC). She did not include a limitation to "short" instructions that are neither detailed nor complex.

In *Leach v. Kijakazi,* the ALJ's hypothetical to the vocational expert failed to include a limitation that the ALJ later incorporated into the RFC. 70 F.4th 1251, 1256 (9th Cir. 2023). Specifically, the ALJ asked the vocational expert "whether jobs existed for a person who can carry out 'simple job instructions.'" *Id.* But the RFC included a limitation to both short *and* simple instructions. *Id.* The Ninth Circuit concluded that it was a harmful error for the ALJ to rely on the vocational expert's testimony. *Id.* Specifically, the circuit court noted that a limitation

7 – OPINION & ORDER

to "short, simple instructions" appeared to be inconsistent with level-two reasoning, which was required by the jobs identified by the vocational expert. *Id.* (noting that level-two reasoning requires an individual to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions").

While this case involves a conflict between the opinion evidence and the RFC rather than a conflict between the vocational expert's hypothetical and the RFC, the Court finds that the circuit court's analysis in *Leach* is instructive here. The ALJ in this case found the opinions of Drs. Boyd and Barsukov persuasive and did not reject their opinions as to Plaintiff's capacity to "understand[]/ remember[] short/simple, but not detailed or complex instructions." But both the RFC and hypothetical failed to account for the providers' limitation to "short" instructions that were neither detailed nor complex. And there is an apparent unexplained conflict between a limitation to short instructions and level-two reasoning, which requires an individual to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." [4] Four of the five jobs identified by the vocational expert require reasoning level two, and the ALJ did not resolve this conflict at the hearing. *See* "Cleaner, Hospital," DOT 323.687-010, 1991 WL 672782; "Packager, Hand," DOT 920.587-018, 1991 WL 687916; "Automobile Detailer," DOT 915.687-034, 1991 WL 687878; "Assembler, Small Products I," DOT 706.684-022, 1991 WL 679050. While "[s]ome level-two jobs . . . might be consistent with a limitation to following only short, simple instructions," the record is incomplete on this issue because the vocational expert

---

[4] Each job in the Dictionary of Occupational titles is assigned a "reasoning development" level, which is a six-tiered scale from level-one (simplest) to level-six (most complex) reasoning. *See* Dictionary of Occupational Titles, App. C., 1991 WL 688702 (4th Ed. 1991). For comparison here, the first level requires an individual to "[a]pply commonsense understanding to carry out simple one- or two-step instructions" and "[d]eal with standardized situations with occasional or no variables in or from these situations encountered in the job." *Id.*

8 – OPINION & ORDER

was not asked about an individual so limited. *Leach*, 70 F.4th at 1257. In sum, the ALJ erred in her formulation of the RFC and failed to resolve an apparent inconsistency between the jobs identified by the vocational expert and the limitations identified by the doctors that were erroneously omitted. *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1004 (9th Cir. 2015) ("Because the ALJ did not recognize the apparent conflict between Rounds' RFC and the demands of Level Two reasoning, the [vocational expert] did not address whether the conflict could be resolved.").

## II.     Limitation to Short and Simple Tasks

Plaintiff also argues that the ALJ erred in failing to include a limitation to short and simple tasks in the RFC. Pl.'s Br. 9. Again, Plaintiff's task limitations come from the opinions of Drs. Boyd and Barsukov. In assessing Plaintiff's "sustained concentration and persistence" limitations, both doctors found that Plaintiff was moderately limited in his ability to carry out detailed instructions and to maintain attention and concentration for extended periods. Tr. 183, 202. They specifically stated that Plaintiff "is capable of sustaining [concentration, persistence, and pace] for short/simple, but not detailed or complex tasks" due to his mental health. Tr. 184, 202.

In her decision, the ALJ noted that the doctors "opined that the claimant retains the ability to sustain concentration, persistence, and pace for short and simple tasks." Tr. 29; *see also* Tr. 22 (noting moderate limitation in "concentrating, persisting, or maintaining pace"). As noted in Section I above, the ALJ found the opinions of the doctors both persuasive and consistent with the record. Tr. 29. The RFC, however, does contain any limitation in Plaintiff's ability to carry out complex or detailed tasks, nor does it address Plaintiff's ability to concentrate, persist, or maintain pace. *See* Tr. 22.

9 – OPINION & ORDER

The Court agrees with Plaintiff that the ALJ has erred in failing to address Plaintiff's limitations in carrying out certain tasks. The Court cannot conclude that on this record a limitation to simple instructions—which the medical providers linked to Plaintiff's ability to understand and remember—encompasses a limitation to short and simple tasks—which relates to Plaintiff's ability to maintain concentration, persistence, and pace. *See* Tr. 183, 201-202 (mental RFC assessment describing "understanding and memory" limitations separately from "sustained concentration and persistence limitations"). Further, even assuming the Court could agree with the Commissioner that "tasks" and "instructions" are not meaningfully different terms, *see* Def.'s Br. 6, ECF No. 11, as noted above the ALJ has failed to address the limitation to "short" instructions that was included in the RFC, *see supra* Part I. As the ALJ failed to include any limitation in Plaintiff's ability to complete tasks in both the RFC and the hypothetical to the VE, the ALJ erred. *See Robbins v. Social Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006) (holding the RFC must include all "limitations supported by substantial evidence").

## III.    Social Limitations

Plaintiff argues that the ALJ's assessment of Plaintiff's capacity to interact with supervisors is internally inconsistent, focusing primarily on one sentence in the ALJ's opinion where the ALJ suggested the RFC would include limitations on Plaintiff's interactions with supervisors. Pl.'s Br. 12. The ALJ discussed Plaintiff's ability to interact with others a few times throughout her decision. The ALJ repeatedly noted that Plaintiff has been able to appropriately engage with treating and examining physicians. Tr. 21, 28-29. The ALJ cited these interactions as the basis for the RFC and for discounting Dr. Boyd and Dr. Barsukov's opinions that Plaintiff is limited in his ability to interact with supervisors:

> [T]he undersigned finds that the claimant's documented ability to interact appropriately with his numerous treatment providers to be persuasive evidence that

10 – OPINION & ORDER

he could interact appropriately with supervisors. Accordingly, the residual functional capacity does not limit interaction with supervisors as proffered by Drs. Boyd and Barsukov.

Tr. 29. Elsewhere in her decision, however, the ALJ suggested that the RFC would include limitations on Plaintiff's ability to interact with supervisors:

As the record shows he has repeatedly exhibited appropriate interpersonal behavior toward treatment providers, the undersigned finds it shows he could interact appropriately with supervisors. *Nevertheless, in consideration of his psychological symptoms, the residual functional capacity has limitations regarding interaction with coworkers and supervisors.*

Tr. 28 (emphasis added).

The Court disagrees with Plaintiff that this apparent inconsistency is a harmful error in the ALJ's decision. The ALJ's decision not to include a limitation on interactions with supervisors in the RFC is supported by substantial evidence—namely, the ALJ's decision to discount the source of this limitation. Indeed, Plaintiff does not challenge the ALJ's conclusion that the reviewing providers' opinions were not persuasive because they were not consistent with medical evidence demonstrating that he could appropriately engage with treating providers. Plaintiff instead focuses on the ALJ's first decision, wherein the ALJ did limit Plaintiff's ability to interact with supervisors, and argues that "his capacity to interact with others has not improved since the ALJ's prior determination in 2021 . . . ." Pl.'s Br. 16. But Plaintiff cites no evidence in support of this point. And as the Commissioner points out, *see* Def. Br. 9, the medical record on remand from the appeals council expanded significantly, *see* Tr. 2134-3228. The ALJ discussed these more recent mental health records in her opinion. Tr. 27-28. Accordingly, the Court finds that the ALJ did not err in finding that Plaintiff did not have any limitations in his ability to interact with supervisors. *See Alekseyevets v. Colvin*, 524 Fed. Appx. 341, 344 (9th Cir. May 2, 2013) (quoting *Chavez v. Bowen*, 844 F.2d 691, 694 (9th Cir. 1998))

11 – OPINION & ORDER

("Although the first ALJ's RFC findings are entitled to some 'res judicata consideration,' the *Chavez* presumption does not prohibit a subsequent ALJ from considering new medical information and making an updated RFC determination.").

## IV.    Remand

Taken together, the ALJ's errors in this case are harmful and warrant remand. "An error is harmless only if it is 'inconsequential to the ultimate nondisability determination.'" *Lambert v. Saul*, 90 F.3d 1266, 1278 (9th Cir. 2020) (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015)). Here, the Court cannot conclude that the ALJ's omission of limitations from the RFC were inconsequential to the ultimate nondisability determination. Without vocational expert testimony, the Court cannot determine whether an individual limited to "short, simple" instructions could perform any of the four jobs identified by the vocational expert that require level-two reasoning. *See Leach*, 70 F.4th at 1257 ("[B]ecause the ALJ omitted the qualifying adjective 'short' when posing the question to the vocational expert, . . . the ALJ erred by relying on the vocational expert's testimony, and the error was not harmless."). The Court also cannot conclude on this record whether an individual limited to short, simple tasks could perform the sole remaining job identified by the vocational expert. *See* "Cleaner, Housekeeping," DOT 323.687-014, 1991 WL 672783; *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (quoting *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991)) ("If an ALJ's hypothetical does not reflect all of the claimant's limitations, then 'the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy.'"). Remand for further proceedings is therefore appropriate in this case.[5]

---

[5] Though Plaintiff seeks an award of benefits in the final page of his brief, *see* Pl.'s Br. 20, he does not provide any analysis of whether an award of benefits is warranted in this case.

12 – OPINION & ORDER

## CONCLUSION

Based on the foregoing, the Commissioner's decision is REVERSED and REMANDED

for further administrative proceedings.

IT IS SO ORDERED.

DATED this  14th  day of April, 2026.

*Amy M. Baggio*
AMY M. BAGGIO
United States District Judge

---

The Court also finds that, in light of the incomplete record, a remand for award of benefits would be inappropriate here.

13 – OPINION & ORDER